No. 23-13698-E

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Coin Center, et al.,
    *Plaintiffs-Appellants*,

v.

Secretary, U.S. Department of the Treasury, et al.,
    *Defendants-Appellees*.

On Appeal from the United States District Court for the
Northern District of Florida, No. 3:22-cv-20375-TKW-ZCB (Wetherell, J.)

## JOINT MOTION TO VACATE AND
## REMAND WITH INSTRUCTIONS TO DISMISS

June 20, 2025

/s/ Brad Hinshelwood
BRAD HINSHELWOOD
Attorney, Appellate Staff
Civil Division, Room 7256
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-7823
bradley.a.hinshelwood@usdoj.gov

*Counsel for Defendants-Appellees*

/s/ Cameron T. Norris
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

*Counsel for Plaintiffs-Appellants*

# AMENDED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for Plaintiffs-Appellants certify that the following have an interest in the outcome of this appeal:

1. Andreessen Horowitz, *Amicus Curiae*

2. Bank Policy Institute, *Amicus Curiae*

3. **Bessent, Scott**, *Defendant-Appellee*

4. Blockchain Association, *Amicus Curiae*

5. Bonta, Christian, *Attorney for Plaintiffs-Appellants*

6. Boynton, Brian M., *Attorney for Defendants-Appellees*

7. Burnham, James, *Attorney for Amici Blockchain Association & DeFi Education Fund*

8. Coin Center, *Plaintiff-Appellant*

9. Consovoy McCarthy PLLC, *Attorneys for Plaintiffs-Appellants*

10. Coogle, Christine L., *Attorney for Defendants-Appellees*

11. DeFi Education Fund, *Amicus Curiae*

12. Department of Treasury, *Defendant-Appellee*

13. Doe, John, *Plaintiff-Appellant*

14. Elliott, Stephen M., *Attorney for Defendants-Appellees*

15. Evangelista, Alessio, *Attorney for Amicus Curiae Andreessen Horowitz*

16. Gacki, Andrea M., *Former Director of the Office of Foreign Assets Control*

17. Haas, Alexander, *Attorney for Defendants-Appellees*

18. Harris, Jeffrey M., *Attorney for Plaintiffs-Appellants*

19. Healy, Christopher, *Attorney for Defendants-Appellees*

20. Hetzel, Jeffrey S., *Attorney for Plaintiffs-Appellants*

21. Hinshelwood, Brad, *Attorney for Defendants-Appellees*

22. Hoffman, David, *Plaintiff-Appellant*

23. Jones Day, *Attorneys for Amici Blockchain Association & DeFi Education Fund*

24. Kelleher, Diane, *Attorney for Defendants-Appellees*

25. Kinchen, John, *Attorney for Amicus Curiae Bank Policy Institute*

26. Lea, Brian, *Attorney for Amici Blockchain Association & DeFi Education Fund*

27. Lehotsky Keller Cohn LLP, *Attorneys for Amicus Paradigm Operations LP*

28. Liu, Jessie K., *Attorney for Amicus Andreessen Horowitz*

29. Office of Foreign Assets Control, *Defendant-Appellee*

30. Norris, Cameron T., *Attorney for Plaintiffs-Appellants*

31. O'Sullivan, Patrick, *Plaintiff-Appellant*

32. Paradigm Operations LP, *Amicus Curiae*

33. Sasso, Michael, *Attorney for Plaintiffs-Appellants*

34. Sasso & Sasso, P.A., *Attorneys for Plaintiffs-Appellants*

35. Seira, Rodrigo, *Attorney for Amicus Paradigm Operations LP*

36. Skadden Arps, *Attorney for Amicus Andreessen Horowitz*

37. Smith, Bradley T., *Defendant-Appellee*

38. Smyser Kaplan & Veselka LLP, *Attorneys for Amicus Bank Policy Institute*

39. Sutherland, J. Abraham, *Attorney for Plaintiffs-Appellants*

40. **Swingle, Sharon**, *Attorney for Defendants-Appellees*

41. **Elizabeth Barry Trice**, *Attorney for Defendants-Appellees*

42. Wetherell, Hon. T. Kent, *District Court Judge*

43. Yarger, Katherine, *Attorney for Amicus Paradigm Operations LP*

44. Yellen, Janet, *Former Secretary of the Treasury*

Coin Center has no parent corporation or corporation that owns 10% or more of its stock. No publicly traded company or corporation has an interest in the outcome of this case or appeal. Per Circuit Rule 26.1-2(c), Plaintiffs-Appellants certify that the CIP contained in this document is complete.

Dated: June 20, 2025  /s/ *Cameron T. Norris*
Counsel for Plaintiffs-Appellants

Pursuant to Federal Rule of Appellate Procedure 27, the parties agree that this appeal is moot, at least as of June 28, 2025. They respectfully ask the Court to vacate the judgment and remand with instructions to dismiss under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).

1.     This appeal arises from the decision of the Office of Foreign Assets Control, a component of the Department of the Treasury, to designate the Tornado Cash entity pursuant to Executive Orders 13,694 (relating to certain cyber activities that threaten the United States) and 13,722 (relating to North Korea's nuclear and missile programs).

2.     The Court heard oral argument in this appeal on November 19, 2024. The Court has not yet issued a decision.

3.     On March 4, 2025, the government requested that this appeal be placed in abeyance until March 21 to allow new agency officials sufficient time for consultation and consideration. This Court granted the government's motion.

4.     On March 21, the Department of Treasury exercised its "discretion to remove the economic sanctions against Tornado Cash." *Tornado Cash Delisting*, U.S. Dep't of the Treas. (Mar. 21, 2025), https://home.treasury.gov/news/press-releases/sb0057; *see Cyber-related Designation Removal; North Korea Designation Update and Removal*, Off. of Foreign Assets Control (Mar. 21, 2025), https://ofac.treasury.gov/recent-actions/20250321. In the light of these developments, this Court twice extended the

abeyance period, first until April 21 and then later to June 20, so the parties could consult about next steps in this litigation.

5. A week after this Court's most recent extension of the abeyance period, a district court in the Western District of Texas entered an amended judgment stating that the originally challenged "action is unlawful and is therefore set aside" and stating that "Defendants are permanently enjoined from enforcing it." *Van Loon v. Dep't of the Treas.* (Dkt. 111), No. 1:23-cv-312 (W.D. Tex. Apr. 28, 2025). That amended judgment will become final on June 28, 2025, if the United States does not file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B). The United States has determined that it will not appeal from that judgment.

6. The parties have conferred about the effect of these developments on this appeal. The government's view is that OFAC's rescission of the designation moots this appeal. Plaintiffs' view is that this appeal will become moot after the Texas judgment becomes final and unappealable.

7. Regardless of the event triggering mootness, the parties agree that the appropriate course is for this Court to vacate the district court's judgment and remand with instructions to dismiss. *See, e.g.*, *League of Women Voters of Fla. Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 949 (11th Cir. 2023) (citing *Munsingwear*, 340 U.S. at 39).

8. As this Court recently explained, "'the ordinary practice in disposing of a case that has become moot on appeal is to vacate the judgment with directions to dismiss.'" *Health Freedom Def. Fund v. President of the United States*, 71 F.4th 888, 894 (11th

2

Cir. 2023) (quoting *League of Women Voters*, 66 F.4th at 949); *see also Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 482 (1990); *Munsingwear*, 340 U.S. at 39; *Duke Power Co. v. Greenwood Cnty.*, 299 U.S. 259, 267 (1936); *Flanigan's Enters., Inc. of Ga v. City of Sandy Springs*, 868 F.3d 1248, 1271 & n.24 (11th Cir. 2017) (en banc); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam); *In re Ghandtchi*, 705 F.2d 1315, 1316 (11th Cir. 1983) (per curiam).

**9.**     Accordingly, the parties respectfully request that this Court dismiss the appeal, vacate the judgment below, and remand with instructions to dismiss as moot. Plaintiffs believe that course is appropriate only after the Western District of Texas's judgment becomes final on June 28 because the government does not appeal and no one moves to intervene. Defendants believe that course is appropriate now based on its rescission and its decision not to appeal the Western District of Texas's judgment.

| | |
|---|---|
| Dated: June 20, 2025 | Respectfully submitted, |
| /s/ Brad Hinshelwood<br>BRAD HINSHELWOOD<br>Attorney, Appellate Staff<br>Civil Division, Room 7256<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br>(202) 514-7823<br>bradley.a.hinshelwood@usdoj.gov<br><br>*Counsel for Defendants-Appellees* | /s/ Cameron T. Norris<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Blvd., Ste. 700<br>Arlington, VA 22209<br>(703) 243-9423<br>cam@consovoymccarthy.com<br><br>*Counsel for Plaintiffs-Appellants* |

3

## CERTIFICATE OF COMPLIANCE

This document complies with Rule 27 because it contains 654 words, excluding the parts that can be excluded. This document also complies with Rule 32(a)(5)-(6) because it is prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font.

Dated: June 20, 2025                                              */s/ Cameron T. Norris*

## CERTIFICATE OF SERVICE

I e-filed this document with the Court, which will automatically email everyone requiring notice.

Dated: June 20, 2025                                              */s/ Cameron T. Norris*